Manly, J.
 

 The letter of the defendant sent to John B. Golett, under date of 26th of December, 1855, was a general letter of credit in behalf of Phelps and Golett for any slaves they might think proper to hire for the year 1856. It is similar to a well-understood commercial paper, whereby the person who gives it, is bound to each and every one who may trade with the person accredited, upon the faith of it. The specific undertaking, through this paper, is to sign with Phelps and Golett for any slaves they might hire; which is, in substance, an undertaking,*on the part of Watson, to make himself responsible for such hire, by executing with Plielps and Golett a promissory note, or notes, for the same. The case discloses that the slaves, in point of fact, were hired from the plaintiff by Phelps and Golett, and delivered to them upon the faith of this paper, and afterwards, when the note was presented for the signature of Watson, he declined executing it. This was a breaeh of his undertaking, and we think he is responsible in this action for the damages.
 

 It is further stated, as a fact in the case, that at the time the hire fell due, viz., on the 1st of January, 1857, Phelps and Golett wore both insolvent, and have so continued ever since; and upon this state of the case, it is clear the measure of damages is the amount of the sum agreed to be paid by Phelps and Golett for the hire — less the amount actually paid by the latter. This balance was the amount for which the recovery was effected, and wo see no error in it.
 

 
 *13
 
 The first objection to the recovery, raised by the defendant is, that a demand ought to have been made of Phelps and G-olett before suit was brought. This, we think, untenable. Defendant violated his engagement, and was in default when he refused to
 
 sign,
 
 and thus secure the stipulated hire. The measure of the injury, arising from this default, was full and complete, when the hirers became insolvent and unable to pay, within the period of credit. It was not necessary, either as a preliminary to the suit, or as proof of the amount of damages, to show a demand and refusal.
 

 The second objection is also untenable. No demand of the defendant, "Watson, was requisite. A demand or notice of claim is requisite where the party stands in a fiduciary relation to another, and, in that capacity, has the money or property of the other, in some cases of public officers, and between co-sureties, when the relation is changed by the payment of the debt by one; but no one of these relations, nor any similar one, subsists between the parties here. The defendant is bound to keep in mind his default, of which he had full cognizance, and has no right to complain that he has not been reminded of it.
 

 But if a demand, in such a case, were requisite, it seems to be fully established in this case by the proofs. The agent of the plaintiff called upon the defendant and informed him that the principals had not paid the debt, and he, Watson, would have it to do. This is all that is necessary to constitute a demand.
 

 We do not think there is any thing in the position assumed in the third objection. Watson was not a party to the note, and could not entitle himself to its possession as a matter of legal right by a satisfaction of it. A tender, therefore, was not obligatory, and after the answer made by the defendant to the demand, would have been wholly impertinent and useless.
 

 The proofs in the cause leave the fourth objection without any ground to rest on. The note was presented for the defendant’s signature and he refused to give it, for the specific
 
 *14
 
 reason that one of the principals had made a deed of trust. The objectihn is not that the application did not come from the proper source. He is willing to sign, and does sign, and only takes the paper back and erases it when he heard that Phelps had made a deed. Under the circumstances, the principal obligors to the contract of hiring, may well be regarded as the agent of the others, to
 
 get the note
 
 promised and hand it over to the obligee. At any rate, Watson, upon that occasion, recognised him as the agent, and it is not proper for him now to dispute it. He dealt with him as such.
 

 The principles involved in the other two objections cannot be maintained. The right to the use of the slaves for a year was parted with by the plaintiff, upon the faith of the defendant’s promise, and this constituted a sufficient consideral ion for the promise ; no other was necessary. The taking of the note afterwards in the condition in which it was, did not waive the legal effect of the promise to sign it — especially as it was accepted with an express repudiation of any such inference. The plaintiff was informed by her agent that the defendant would be still bound, and thereupon, and with that understanding, phe took the note. This amounts to no discharge of the defendant’s liability. There is no error.
 

 Per Curiam,
 

 Judgment affirmed.